# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No. 99 CR 756-4 |
| v. ) | |
| ) | |
| VICTOR CARRASQUILLO, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Victor Carrasquillo has moved to reduce his prison sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 706 to the Federal Sentencing Guidelines, which reduced the offense levels for crack cocaine-related offenses. For the reasons stated below, the Court denies Carrasquillo's motion.

## Facts

On May 5, 2000, Carrasquillo pleaded guilty to one count of conspiracy to possess crack cocaine with intent to distribute. The plea agreement included a preliminary sentencing guideline calculation. The parties agreed that the offense involved more than 1.5 kilograms of crack cocaine, which resulted in a base offense level of 38 under the Sentencing Guidelines. See U.S.S.G. § 2D1.1(a)(1)(3). The parties also agreed to a two-level increase pursuant to Guideline § 2D1.1(b)(1), because a dangerous weapon was possessed in connection with the conspiracy and a three-level reduction under Guideline § 3E1.1 because Carrasquillo accepted

responsibility for his actions. Carrasquillo was considered a career offender under the Guidelines, placing him in criminal history Category VI. U.S.S.G. § 4B1.1. Carrasquillo's adjusted offense level and criminal history category resulted in a Guidelines sentencing range of 360 months to life.

Carrasquillo and the government entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(e)(1)(C), now Rule 11(c)(1)(C), in which they agreed that the appropriate sentence included a term of imprisonment between 180 and 240 months. Plea Agreement ¶ 16. Carrasquillo agreed that he could not withdraw his plea if the Court accepted and imposed a sentence within that range. *Id.* On July 3, 2002, this Court accepted the plea agreement and sentenced Carrasquillo to a 180 month prison term, the lowest sentence possible under the plea agreement.

In 2008, the Sentencing Commission reduced the base offense level for crack cocaine offenses via Amendment 706 to the Sentencing Guidelines. In March 2009, Amendment 706 became applicable retroactively. On February 18, 2009, Carrasquillo filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). On March 4, 2009, he filed an amended motion to address his career offender status. Carrasquillo requests a new sentencing hearing or a reduction in his sentence to reflect the application of the amended crack cocaine sentencing provisions.

## Discussion

**1.      New sentencing hearing**

The Seventh Circuit has effectively foreclosed the possibility of a new sentencing hearing with its decision in *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009). In *Cunningham*, the Seventh Circuit ruled that "section 3582 proceedings are

not full resentencings." *Id.* As a result, the Court denies Carrasquillo's request for a new sentencing hearing.

**2.    Sentence reduction**

A district court may modify a sentence after judgment has been entered only if the modification is permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(2); *see Cunningham*, 554 F.3d at 708. Section 3582(c)(2) permits a court to reduce a term of imprisonment if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." To be eligible for relief, the defendant must meet two requirements: his term of imprisonment must have been based on a Guidelines sentencing range, and that range must have been subsequently lowered. 18 U.S.C. § 3582(c)(2); *see also United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008); *United States v. Poole*, 550 F.3d 676, 678-80 (7th Cir. 2008); *United States v. Dews*, 551 F.3d 204, 208 (4th Cir. 2008). Carrasquillo meets the second requirement but does not meet the first.

There is no dispute that the Sentencing Commission lowered the sentencing range for Carrasquillo's offense after his sentence was imposed. Amendment 706, which took effect on November 1, 2007, generally reduces the base offense level for crack cocaine offenses by two levels. U.S.S.G. § 2D1.1. *See* U.S.S.G. App. C, Amend. 706. In December 2007, Amendment 706 was added to the list of amendments in Guideline section 1B1.10(c) that may be applied retroactively, effective March 3, 2008. *See* U.S.S.G. § 1B1.10(c). At the time of Carrasquillo's sentencing, the base offense level for offenses involving more than 1.5 kilograms of crack cocaine was 38, and

Carrasquillo's adjusted offense level was 37. Because he was in criminal history Category VI, the recommended guideline sentencing range for Carrasquillo's offense was 360 months to life. Following the enactment of Amendment 706, the base offense level for offenses involving more than 1.5 kilograms of crack cocaine is 36. With the adjustments stipulated in the plea agreement and Carrasquillo's criminal history, the Guidelines now provide for a range of 292 to 365 months imprisonment for the offense to which Carrasquillo pled guilty. Carrasquillo clearly satisfies the second requirement under § 3582(c)(2).

The government argues that Carrasquillo does not meet the first requirement under § 3582(c)(2) because his sentence was based on a Rule 11(c)(1)(C) plea agreement and not the sentencing guidelines. Two circuits have ruled that sentences imposed under a valid Rule 11(c)(1)(C) plea agreement may not reduced under to § 3582(c)(2) because such sentences are not based on the sentencing guidelines. *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996); *United States v. Peveler*, 359 F.3d 369, 378-79 (6th Cir. 2004). In *Trujeque*, the Tenth Circuit affirmed the district court's decision that a defendant sentenced under a Rule 11(c)(1)(C) plea was not eligible for a sentence reduction following an amendment by the Sentencing Commission. *Trujeque*, 100 F.3d at 871. The court found that the defendant's sentence was not based on a sentencing range that had been lowered by the Sentencing Commission because the sentence was based on a Rule 11(c)(1)(C) plea agreement. *Id.* In *Peveler*, the Sixth Circuit affirmed the denial of a motion for reduction of sentence based on an amendment to weapons enhancement under the sentencing guidelines. *Peveler*, 359 F.3d at 379. The court held that absent an agreement of the

parties, the plain language of Rule 11(c)(1)(C) generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582. *Id.* at 378-79.

In *Dews*, the Fourth Circuit declined to follow the *Peveler* and *Trujeque* courts' determination that a sentence imposed under a Rule 11(c)(1)(C) plea agreement is never "based on" the Sentencing Guidelines. *Dews*, 551 F.3d at 209. The Fourth Circuit held that a sentence *could* be both a Guidelines-based sentence eligible for treatment under section 3582(c)(2) and a sentence stipulated by the parties in a plea agreement pursuant to Rule 11(e)(1)(C). *Id.* To determine whether a sentence is Guidelines-based, the court must conduct an analysis to determine whether the sentencing court, in fact, based its decision on the Sentencing Guidelines. The court determined that the original sentences were based on the Sentencing Guidelines because the "record [was] replete with evidence that the sentencing guidelines played a central role in the district judge's sentencing of both appellants." *Id.* at 208-09. The court concluded that the plea and sentencing process was "predicated on the understanding that the district judge would impose the recommended term of imprisonment only if she concluded that it was within the applicable guidelines range." *Id.* at 209. Because the record indicated that the original sentence was based in part on the Sentencing Guidelines, the Fourth Circuit reversed and remanded the district court's denial of the motion for reduction of sentence. *Id.* at 212.

Under the Fourth Circuit's approach in *Dews*, Carrasquillo would not meet the first requirement under section 3582(c)(2), because his original sentence was based on a sentencing range stipulated in his plea agreement, not on the Sentencing Guidelines. To meet the first requirement under § 3582(c)(2), a defendant's original sentence must

5

be "based on" the Sentencing Guidelines. When Congress gave the district courts discretion to modify terms of imprisonment, it explicitly incorporated the Sentencing Commission's policy statement limiting these reductions. 18 U.S.C. § 3582(c)(2) (stating that "the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.").[1] The Sentencing Commission's policy statement, U.S.S.G. § 1B1.10, provides in relevant part:

> (b)(1) In General.--In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced.
>
> . . .
>
> (b)(2)(B) If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.

U.S.S.G. § 1B1.10(b)(1) & (b)(2)(B).

Section 1B1.10(b)(2)(B) indicates that a court may grant a reduction even if a defendant's original sentence falls below the Guidelines range, provided that the sentence is based on the Guidelines range. A Rule 11(c)(1)(C) sentence could meet this test if the plea agreement provided for a sentence that, for example, was a

---

[1] The Seventh Circuit has stated that "the Commission's policy statements [found in U.S.S.G. § 1B1.10] should for all intents and purposes be viewed as part of the statute." *Cunningham*, 554 F.3d at 708.

6

particular fraction of the Sentencing Guidelines range (e.g., a sentence of 50% of the low end of the Guidelines range). Courts typically have not allowed reductions from a sentence imposed pursuant to a plea agreement that specified a sentence outside the Guidelines range (i.e., a sentence of *x* months), because such a sentence is considered not to be based on the Guidelines. *See, e.g., United States v. Grigsby*, 560 F. Supp. 2d 1066 (D. Colo. 2008); *United States v. Oliver*, 589 F. Supp. 2d 39 (D.D.C. 2008); *United States v. Johnson*, No. 05-40107-01-RDR, 2008 WL 4758581 (D. Kan. Oct. 27, 2008); *United States v. Fonville*, No. CR01-1015-LRR, 2008 WL 2953610 (N.D. Iowa July 20, 2008); *United States v. Paul*, No. 96-CR-92, 2008 WL 2510147 (N.D.N.Y. June 19, 2008).

Carrasquillo's plea agreement does not fit perfectly into either of these categories. The agreement does not provide for a specific sentence but rather establishes an agreed-upon range of 180 – 240 months. Though this represents fifty to sixty-six percent of the low end of the applicable Guidelines range, the agreement does not put it in those terms.

Though a number of courts have addressed the issue of whether the Court may reduce a sentence that was stipulated in a Rule 11(c)(1)(C) plea agreement based on the Sentencing Commission's reduction of the offense levels for crack cocaine offenses, nearly all of the decisions concern plea agreements that established specific terms of imprisonment rather than a range of months. The Court has identified three cases in which a court ruled on the applicability of section 3582(c)(2) to a Rule 11(c)(1)(C) plea agreement that, like Carrasquillo's, stipulated a sentencing range. In *United States v. Hines*, No. 3:02-CR-141, 2008 WL 2169516 (E.D. Tenn. May 22, 2008), and *United*

7

*States v. Madden*, No. CR05-213RSL, 2008 WL 4933982 (W.D. Wash. Nov. 17, 2008), the defendants entered into plea agreements establishing a range of months of imprisonment for their crack cocaine offenses; in both cases, the defendants were sentenced to a term at the bottom of the range provided in the plea agreement. When the defendants moved for a sentence reduction under § 3582(c)(2), the courts held that they lacked authority to reduce the defendants' sentences. The courts reasoned that because the original sentences imposed were based on the plea agreement sentencing ranges, the sentences were not based on the Sentencing Guidelines. *Hines*, 2008 WL 2169516, at *2; *Madden*, 2008 WL 493392, at *1.

One court held that it could reduce a sentence based on a Rule 11(c)(1)(C) plea that provided for a range of months if the defendant's original sentence was not at the bottom of the stipulated range. *United States v. Coleman*, 594 F. Supp. 2d 164, 168 (D. Mass. 2009). The court in *Coleman* ruled that it had authority to reduce a defendant's sentence to a lower point within the agreed-upon range under section 3582(c)(2). *Id* at 168. The court distinguished its case from *Hines* and *Madden* because the defendants in those cases "already had received the lowest possible sentences in their respective agreed ranges." *Id.* at 166. Following the approach taken by the Fourth Circuit in *Dews*, the court found that because "the court accepted the plea agreement only after . . . determining that the stipulated range was within the applicable guidelines range," the plea agreement was, at least in part, based on the Sentencing Guidelines. *Id.* More specifically, the court had the authority to impose any sentence within the range agreed upon and likely used the Sentencing Guidelines to determine where, within that range, to sentence the defendant. The court reasoned that had the crack cocaine

amendments been in effect at the time of the sentencing, it likely would have imposed a more lenient sentence within the stipulated range. *Id.*

The terms of Carrasquillo's plea agreement, however, reflect that his original sentence was "based on" his plea agreement and not the Sentencing Guidelines. As stated above, the applicable guideline range at the time of Carrasquillo's sentencing was 360 months to life. But rather than basing the agreed-upon sentence on the Guidelines range, the parties agreed that the government would move for the Court "to impose the *specific* sentence agreed to by the parties," which was a sentencing range of 180 to 240 months. Plea Agreement ¶ 16 (emphasis added). Nothing in the plea agreement suggests that the agreed-upon range is tied to the Sentencing Guidelines. The Court concedes that it is likely that the parties discussed the applicable Guidelines range in negotiating the plea agreement. Indeed, it is entirely possible that they arrived at the agreed-upon range of months specifically because the range represented fifty to sixty-six percent of the low end of the Guidelines range. Any such negotiations, however, were not reflected in the plea agreement and were not made known to the Court.

The plea agreement also states that "the government . . . shall move the Court, pursuant to the Sentencing Guideline 5K1.1, to depart from the applicable sentencing guidelines range." Plea Agreement ¶ 16. Carrasquillo argues that this language indicates that the imposed sentence is based on the Sentencing Guidelines. However, the plain meaning of the phrase "to depart from applicable sentencing guidelines range" indicates only that the parties intended for Carrasquillo to be sentenced based on the stipulated range in the plea agreement and *not* on the relevant Sentencing Guidelines –

9

not that the sentence was to be premised on the Guidelines range. Carrasquillo also argues that the fact that the government moved the court to depart from the Guidelines "pursuant to Sentencing Guideline 5K1.1" indicates that the sentence is based on the Guideline range. The Court disagrees. Carrasquillo's sentencing took place before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). At that time, the Sentencing Guidelines were mandatory. Thus, the only way for the Court to impose a non-Guidelines sentence was via a departure. That is all one can read into this provision of the plea agreement.

The Court imposed a sentence of 180 months, the lowest possible sentence within the agreed-upon range. In imposing this sentence, the Court did not base its decision upon the particular relationship between that term and the Guidelines range. Rather, the Court concluded that a sentence at the low end of the agreed-upon range was appropriate and adequate under the circumstances. In *Coleman*, the court reasoned that a reduction was appropriate because the court might have chosen a more lenient prison term within the stipulated range had the crack cocaine amendments been in effect. *Coleman*, 594 F. Supp. 2d at 168. Such is not the case here. Because the Court sentenced Carrasquillo to the lowest prison term within the stipulated range, it could not have imposed a more lenient sentence even if Amendment 706 had been in effect.

Because nothing in the terms of the plea agreement nor the Court's actual sentencing determination indicate that Carrasquillo's sentence was "based on" the Sentencing Guidelines, he is not eligible for a sentence reduction under § 3582(c)(2).

**Conclusion**

For the reasons stated above, the Court denies defendant's motion and amended motion for reduction of sentence [docket nos. 69 & 72].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 23, 2009